1

2

3

4

5

6            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                   AT SEATTLE

8    DEREK JASON BOREL,

9                    Petitioner,           CASE NO.  C07-1008-RAJ-MJB

10
           v.
11                                        REPORT AND RECOMMENDATION

     NEIL CLARK,
12
                    Respondent.
13

14              I.  INTRODUCTION AND SUMMARY CONCLUSION

15        Petitioner Derek Jason Borel, proceeding pro se, has filed a Petition for Writ of Habeas

16   Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention by

17   the U.S. Immigration and Customs Enforcement ("ICE").  (Dkt. #6).  Respondent has filed a

18   Return and Motion to Dismiss, arguing that petitioner is lawfully detained pursuant to Section

19   241(a)(1)(C) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1231(a)(1)(C), which

20   allows for the continued detention of aliens at the discretion of the Attorney General after a final

21   order of removal has been issued.  (Dkt. #13).  Alternatively, respondent argues that petitioner is

22   lawfully detained pursuant to INA § 236(c), 8 U.S.C. § 1226(c), which mandates that aliens

23   convicted of certain qualifying crimes be detained pending a decision on whether

24

25
     REPORT AND RECOMMENDATION
26   PAGE – 1

they are to be removed from the United States.

After careful review of the entire record, I recommend that petitioner's habeas petition (Dkt. #6) be DENIED and respondent's motion to dismiss (Dkt. #13) be GRANTED.

II. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

Petitioner is a native and citizen of Trinidad and Tobago, who entered the United States at New York, New York, as an IR2 immigrant on March 17, 1977, when he was nine years old. (Dkt. #16 at R359). On November 15, 2004, petitioner was convicted of Possession or Purchase for Sale of Cocaine Base in violation of California Health and Safety Code § 11351.5, and was sentenced to three years in jail. (Dkt. #16 at L80).

On April 12, 2006, ICE took petitioner into custody and initiated removal proceedings against him pursuant to INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), which provides for the removal of an alien convicted of a violation of any law relating to a controlled substance. (Dkt. #16 at L28-40). In addition, ICE served petitioner with a Notice of Custody Determination, informing petitioner that he would remain detained pending a final determination by the Immigration Judge ("IJ") in his case. (Dkt. #16 at L28). The Notice further indicated that petitioner could not request review of this decision by an Immigration Judge because the INA prohibits his release from custody. *Id.* Petitioner declined a redetermination of this custody decision by an Immigration Judge. *Id.*

On July 27, 2006, ICE filed Additional Charges of Inadmissability/Deportability pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), which provides for the removal of an alien convicted of an aggravated felony as defined in INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B). (Dkt. #16 at L84-5).

At a master calendar hearing before an IJ, petitioner, proceeding through counsel,

REPORT AND RECOMMENDATION
PAGE – 2

conceded removability and applied for asylum and other relief, claiming fear of future persecution. (Dkt. #16 at R289-90). On October 5, 2006, the IJ found petitioner ineligible for asylum or other relief and ordered him removed to Trinidad. (Dkt. #16 at R281-90). On March 6, 2007, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision. (Dkt. #16 at R291-93). Accordingly, petitioner's order of removal became administratively final on that date.

On April 17, 2007, petitioner, proceeding pro se, filed a Motion to Reopen with the BIA, arguing that the IJ erred as a matter of law in denying him relief and ordering him removed to Trinidad, and that his prior counsel rendered ineffective assistance. (Dkt. #16 at R78-85). The BIA denied petitioner's motion on May 8, 2007. (Dkt. #16 at R298-300). Petitioner then filed a motion to reconsider, which the BIA denied on June 21, 2007. (Dkt. #16 at R319).

On June 18, 2007, petitioner filed a Petition for Review of the BIA's March 6, 2007, decision with the Court of Appeals for the Ninth Circuit, along with a motion for stay of removal. *See Borel v. Gonzales*, No. 07-72402 (9th Cir. 2007). Under Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay of removal to automatically issue. On July 9, 2007, the government filed a motion to dismiss, arguing that petitioner's Petition for Review was untimely. *Id.*

On July 20, 2007, petitioner filed a second Petition for Review with the Ninth Circuit, along with a motion for stay of removal. *See Borel v. Gonzales*, No. 07-72868 (9th Cir. filed July 20, 2007). Accordingly, under Ninth Circuit General Order 6.4(c)(1), this caused a second stay of removal to automatically issue.

On September 14, 2007, the Ninth Circuit dismissed petitioner's first Petition for Review for lack of jurisdiction, and the mandate issued on October 9, 2007, lifting the first stay of removal. *See Borel v. Gonzales*, No. 07-72402.

REPORT AND RECOMMENDATION
PAGE – 3

On October 18, 2007, the government filed a motion for summary affirmance and an opposition to petitioner's motion for stay of removal. *See Borel v. Gonzales*, No. 07-72868. Petitioner's second Petition for Review and the government's motion for summary affirmance remain pending before the Ninth Circuit. *Id.*

## III.  DISCUSSION

A.  Petitioner is Detained Pursuant to INA § 236(c).

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings.  Once removal proceedings have been completed, detention and release of the alien shifts to INA § 241.  The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1).  Section 241(a)(1)(B) provides that:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added).  Thus, pursuant to Section 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under Section 236 until the court renders its decision. *See Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir. 2005) (ordering a bail hearing where the alien had been detained pending appeal for two years and eight months under INA § 236(c)); *see also Tijani,* 430 F.3d at 1248, n.7 (Tashima, J., concurring) (noting that petitioner was detained pursuant to § 236(c) because he had not yet entered the 90-day removal period; *Ma v. Ashcroft,* 257 F.3d

REPORT AND RECOMMENDATION
PAGE – 4

1095, 1104 n.12 (9th Cir. 2001) (stating, "[i]f the removal order is stayed pending judicial review, the ninety day period begins running after the reviewing court's final order.); *Martinez v. Jaramillo v. Thompson*, 120 Fed. App'x 714, 717 (9th Cir. 2005) (holding that where a stay of removal is granted pending judicial review, INA § 236 provides the statutory basis for detention); *Kothandaraguipathy v. Dep't of Homeland Sec.*, 396 F. Supp. 2d 1104, 1107 (D. Ariz. 2005) (holding, "detention is pursuant to the pre-removal order detention statute, 8 U.S.C. § 1226, rather than the post-removal order detention statute, 8 U.S.C. § 1231" when § 1231(a)(1)(B)(ii) applies to delay commencement of the removal period); *Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221, 1224 (W.D. Wash. 2004) (same).  Here, the Ninth Circuit has issued a stay of removal pending its review of the BIA's decision.  "Because Petitioner's removal order has been stayed by the Ninth Circuit pending its review of the BIA decision, the 'removal period' has not yet commenced, and Petitioner therefore is detained pursuant to INA § 236."  *Quezada-Bucio v. Ridge*, 317 F. Supp. 2d at 1224.

Section 236(c)(1) directs the Attorney General to take into custody any alien who:

(A) is inadmissable by reason of having committed any offense covered in section 1182(a)(2) of this title,

(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [sic] to a term of imprisonment of at least 1 year, or

(D) is inadmissable under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, when the alien is released . . .

INA § 236(c), 8 U.S.C. § 1226(c) (emphasis added).  In this case, petitioner was ordered removed from the United States pursuant to INA § 237(a)(2)(B)(i) and INA § 237(a)(2)(A)(iii).

REPORT AND RECOMMENDATION
PAGE – 5

Thus, petitioner falls squarely within the group of aliens described in INA § 236(c)(1)(B), for whom detention is mandatory.

      B.  <u>Petitioner's Due Process Rights Have Not Been Violated</u>.

Petitioner argues that his continued detention violates his due process rights, and that he is entitled to an individualized bond hearing before an Immigration Judge.  It is undisputed that "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) (citations omitted).  Furthermore, an alien's freedom from imprisonment "lies at the heart of the liberty that the substantive due process clause protects."  *Id.* at 690.  The Supreme Court has recognized, however, that "[d]etention during removal proceedings is a constitutionally permissible part of that process," even where there has been no individualized determination as to the alien's risk of flight and dangerousness to the community.  *See Demore v. Kim*, 538 U.S. 510, 531, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003) (holding that mandatory detention of criminal aliens during removal proceedings under INA § 236(c) is constitutionally valid).  In *Kim*, the Supreme Court found that "[s]uch detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed."  *Id.* at 528.  Although the Supreme Court in *Zadvydas* held that an alien may not be indefinitely detained after the ninety-day removal period in INA § 241(a), petitioner's removal period has not yet begun by operation of a stay pursuant to INA 241(a)(a)(B)(iii).  *See Zadvydas*, 533 U.S. at 701.  Moreover, the Supreme Court in *Kim* distinguished *Zadvydas*, noting that in *Zadvydas*, "removal was no longer practically attainable" and that "the period of detention at issue in *Zadvydas* was 'indefinite' and 'potentially

REPORT AND RECOMMENDATION
PAGE – 6

permanent.'" *Id.* at 527-28.  Unlike the alien in *Zadvydas*, petitioner's detention has a definite

termination point, and thus is neither "indefinite" nor "potentially permanent."  Upon completion

of judicial review, petitioner will be removed to Trinidad or released.

　　　　Although the Ninth Circuit has determined that aliens may only be mandatorily detained

under INA § 236(c) during an "expedited" period, petitioner has not demonstrated that his

removal proceedings have not been expeditious.  *See Tijani*, 430 F.3d at 1242.  In *Tijani*, the

petitioner had been detained pursuant to INA § 236(c) for two years and eight months.  *Tijani*,

430 F.3d at 1246 (Tashima, J., concurring) (noting that Tijani's detention during his

administrative proceedings lasted twenty months, with one year of continued detention during

judicial appeal).  The Ninth Circuit found that "it is constitutionally doubtful that Congress may

authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to

removal." *Tijani*, 430 F.3d at 1242.  Nevertheless, to avoid deciding the constitutional issue,

the court construed § 236(c) as applying only in "expedited" removal proceedings.  *Id.*  The

Ninth Circuit concluded that "[t]wo years and eight months of process is not expeditions," and

ordered an Immigration Judge to release the petitioner "unless the government establishes that

he is a flight risk or will be a danger to the community."  *Id.*  In a concurring opinion, Judge

Tashima concluded that Tijani was entitled to be released from detention pending the completion

of his removal proceedings because the sheer length of his detention had become unreasonable.

*See id.* at 1249-50 (Tashima, J., concurring) (citing *Zadvydas*, 533 U.S. at 690; *Demore v. Kim*,

538 U.S. 510, 527, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003).

　　　　Here, however, unlike Tijani whose twenty month administrative process was clearly

unreasonable, petitioner's administrative process lasted just eleven months.  Moreover, unlike

Tijani, the additional nine months of continued detention is attributable to petitioner's own

REPORT AND RECOMMENDATION
PAGE – 7

administrative motions, judicial appeals and requested stays of removal, and there is no showing

that the government has caused any unreasonable delay.  Petitioner has had extensive process in

the form of notice, hearing, presentation of evidence, a decision by the IJ, and administrative

appeal by the BIA.  If mandatory detention during the normal administrative process does not

offend due process, then nor should detention pending the normal temporal period associated

with judicial review. Accordingly, the Court finds that petitioner's detention meets due process

requirements, and there is no basis for this Court to order that petitioner be released.

IV.  CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted,

and that the action be dismissed.  A proposed Order accompanies this Report and

Recommendation.

DATED this 10th day of December, 2007.

U.S. Magistrate Judge, Monica J. Benton

REPORT AND RECOMMENDATION
PAGE – 8